# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 18-55889 |
| ED MAP, INC. | : | Chapter 7 |
| Debtor | : | Judge John E. Hoffman, Jr. |

David M. Whittaker, Trustee :
2 Miranova Place, Suite 700
Columbus, OH 43215 :

       Plaintiff       :       Adversary Proceeding No. _____

    vs.       :

Elsevier Inc.
DBA Elsevier Science
1600 John F. Kennedy Boulevard
Suite 1600
Philadelphia PA 19103
                      :
       Defendant

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§547 AND 550

David M. Whittaker ("Trustee"), the Trustee in the Chapter 7 case of Ed Map, Inc ("Debtor") files this Complaint ("Complaint") to avoid and recover transfers made to Elsevier Inc. dba Elsevier Science ("Defendant"). In support of the Complaint, the Trustee states as follows:

**JURISDICTION AND BACKGROUND**

1. The Debtor filed its case ("Debtor's Case") as a Chapter 11 on September 17, 2018. The Debtor's Case was converted to a Chapter 7 by an Agreed Ordered entered on December 4,

2018. The Trustee was appointed in the Debtor's cases by the Office of the U.S. Trustee pursuant to 11 U.S.C. §701 effective on December 4, 2018.

2. The Trustee is authorized to file this Complaint pursuant to the provisions of 11 U.S.C. §704 and 11 U.S.C. §544.

3. The Debtor was in the business of selling print and digital textbooks to educational institutions. Most of the Debtor's customers were for-profit colleges.

4. The Debtor's principal place of business was 296 South Harper Street #1600, Nelsonville, Ohio 45764.

5. This court has subject matter jurisdiction over this adversary proceeding ("Adversary Proceeding") which arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Southern District of Ohio Eastern Division (the "Court") pursuant to 28 U.S.C. §§157 and 1334(b) and pursuant to the General Order of Reference entered in this District.

6. The statutory and legal predicates for the relief sought herein are 11 U.S.C. §§544, 547 and 550 and Federal Rules of Bankruptcy Procedure 3007 and 7001.

7. This Adversary Proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. §157(b)(2) and the Court may enter final orders for matters contained herein.

8. Venue is proper in the Southern District of Ohio Eastern Division pursuant to 28 U.S.C. §1409.

9. The Trustee consents pursuant to the provisions of Federal Rule of Bankruptcy Procedure 7008 to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**FACTS RELEVANT TO ALL COUNTS**

10. The Trustee restates all prior paragraphs as if fully rewritten.

11. The Defendant publishes and/or distributes educational materials and products and also provides academic services.

12. Debtor contracted with the Defendant to purchase certain products, materials or services to be used by the Debtor in conjunction with one or more of the Debtor's business activities.

13. Pursuant to the contracts or agreements between the Debtor and the Defendant when the Debtor ordered products, materials or services from the Defendant the Defendant would subsequently ship the products or materials or provide the services. The Defendant then issued an invoice to the Debtor after the products or materials were shipped or the services were provided by the Defendant to the Debtor.

14. The Debtor paid invoices received from the Defendant after the shipment of the products or materials or the providing of the services and after the receipt of the invoices.

15. During the ninety (90) day period prior to the filing of the Debtor's Chapter 7 cases ("Preference Period") the Debtor paid the Defendant a total of $653,573.94 (the "Transfers").

16. The Transfers were made by the Debtor to the Defendant as payment for products, materials and/or services and when invoices were received by the Debtor prior to the date of each Transfer.

17. An itemization of the Transfers is contained in Exhibit A which is incorporated by reference. The Defendant did not file a proof of claim in the Debtor's Case that the Trustee could review to determine whether the Defendant may have valid defenses to assert pursuant to 11 USC

§547. The Debtor's business records that the Trustee has obtained do not indicate that the Defendant has valid defenses to the avoidance and recover of the Transfers.

## CLAIMS FOR RELIEF

**COUNT I – Avoidance of Preference Period Payments pursuant to 11 U.S.C. §547**

18. The Trustee restates all prior paragraphs as if fully rewritten.

19. As identified in Exhibit A, the Debtor made Transfers to and for the benefit of the Defendant in an aggregate amount of not less than $653,573.94 during the Preference Period.

20. Each of the Transfers was made from the bank account of the Debtor and constituted transfers of an interest in property of the Debtor.

21. The Defendant was a creditor of the Debtor at the time of the Transfers by virtue of the delivery of products, materials and/or services by the Defendant to the Debtor and the delivery of the invoices from the Defendant to the Debtor, which created an obligation for the Debtor to pay the invoices.

22. Each of the Transfers was to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1), because each of the Transfers either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

23. Each of the Transfers was made for, or an account of, antecedent debts owed by the Debtor to the Defendant before such Transfers were made because each of the Transfers paid all or part of an invoice previously issued for products or materials that had been shipped by the Defendant to the Debtor and/or for services performed by the Defendant for the benefit of the Debtor.

                            Document      Page 5 of 8

24.    Each of the Transfers was made while the Debtor was insolvent based upon the information contained in documents filed by the Debtor in the Debtor's Case and/or information in the Debtor's other business records  The Trustee is also entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. §547(f).

25.    Each of the Transfers was made during the Preference Period, as set forth in Exhibit A.

26.    As a result of each of the Transfers, Defendant received more than Defendant would have received if:  (i) the Debtor's Case was under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtor's schedules filed in the Debtor's Case as well as the proofs of claim that have been timely filed in the Debtor's Case together with the Chapter 11 administrative clams that have been allowed in the Debtor's Case , the Debtor's liabilities exceed its  assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

27.    In accordance with the foregoing, each of the Transfers is avoidable pursuant to 11 U.S.C. §547(b).

**COUNT II -   Recovery of Avoided Transfers – 11 U.S.C. §550**

28.    The Trustee restates all prior paragraphs as if fully rewritten.

29.    The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. §547(b) ("Avoidable Transfers").

30.    The Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

31.     Pursuant to 11 U.S.C. §550(a), the Trustee is entitled to recover from Defendant the Avoidable Transfers, plus interest thereon at the Federal Judgment Rate from the date of the judgment to the date of payment and the costs of this Adversary Proceeding. The Trustee is further entitled to a judgment against the Defendant in an amount equal to the total of the Avoidable Transfers plus interest thereon at the Federal Judgment Rate from the date of the judgment to the date of payment and the costs of this Adversary Proceeding

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee requests that this Court grant the following relief against Defendant:

A.      On Plaintiff's First and Second Counts, judgment in favor of the Trustee and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to the Trustee the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§547(b) and 550(a), plus interest at the Federal Judgment Rate from the date of the judgment until collection, together with the costs and expenses of this Adversary Proceeding and a judgment against the Defendant in an amount equal to the total of the Avoidable Transfers plus interest thereon at the Federal Judgment Rate from the date of the judgment to the date of payment and the costs of this Adversary Proceeding, and

B.      Granting the Trustee such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David M. Whittaker
David M. Whittaker, Esq. (0019307)
Madeline H. Shanahan, Esq. (0098750)
Isaac Wiles Burkholder & Teetor, LLC
Two Miranova Place, Suite 700
Columbus, OH 43215
PH: (614) 340-7431
FAX: (614) 365-9516
Email: dwhittaker@isaacwiles.com
*Attorneys for David M. Whittaker, Trustee*

EXHIBIT A

Preference Period Payments to Elseiver

| Payment Date | Payment Amount |
| --- | --- |
| 6/21/18 | $ 50,070.54 |
| 6/27/18 | $ 50,116.85 |
| 7/12/18 | $ 40,000.00 |
| 7/25/18 | $ 49,637.44 |
| 7/30/18 | $135,322.47 |
| 8/18 | $220,561.11 |
| 9/4/18 | $107,865.53 |
| Total | $653,573.94 |